U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 25 2014
CLERK, U.S. DISTRICT COURT
By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRICIA BULLARD, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-604-A |
| | § | |
| ALEC DAY, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration in the above-captioned action the motion for partial summary judgment filed by defendants, Alec Day ("Day"), Home Jewelry Business, LLC ("Home Jewelry"), and ARB 1521, LLC ("ARB"). Plaintiffs, Patricia Bullard ("Bullard") and Wubbers, LLC ("Wubbers"), filed a response to defendants' motion. Having now considered all of the parties' filings, the entire summary judgment record, and the applicable legal authorities, the court concludes that the motion for partial summary judgment should be granted in part and denied in part.

I.

Undisputed Facts Pertinent to the Motion

Bullard is a well-known maker of wire jewelry. She conducts tutorials on the process and has even created her own brand of pliers, which she sells through her company Wubbers. Day is the

managing member of Home Jewelry and ARB 1521. The parties have entered into two agreements at issue in the above-captioned action: (1) the Content and Model Release ("CMR"), and (2) the Asset Purchase Agreement ("APA"). Through the CMR, Bullard agreed to star in a set of instructional DVDs titled "Metal Working Beginners Series." It is undisputed that this agreement pertains only to the first set of DVDs filmed, but that the parties intended the second and third sets to be governed by a similar agreement. Through the Asset Purchase Agreement, Wubbers agreed to sell certain business assets to Home Jewelry.

Plaintiffs initiated this action by filing their complaint July 31, 2014, which asserted causes of action for breach of contract, misappropriation of name and likeness, false advertising and false endorsement in violation of the Lanham Act, 15 U.S.C. §§ 1051, et. seq., and unjust enrichment. The claims at issue in this motion involve defendants marking of the second and third sets of DVDs.

II.

<u>The Motion for Partial Summary Judgment and Plaintiffs' Response</u>

Defendants move for partial summary judgment as to plaintiffs' claims of misappropriation of name and likeness and false advertisement under § 43(a) of the Lanham Act. They argue that plaintiffs consented to defendants' use of Bullard's name

2

and likeness, so there was no misappropriation. Defendants further argue that plaintiffs' false advertising claim under the Lanham Act fails because they have not proven four of the five required elements. Defendants' motion also seek attorneys' fees.

Plaintiffs respond that Bullard's consent does not cover the allegedly false statements made by defendants. With regards to the Lanham Act claims, plaintiffs argue that they have fully proved all required elements. Lastly, plaintiffs argue that defendants' evidence as to the amount of attorneys' fees is excessive an inflated, and further, that defendants provided no arguments as to their right to such fees.

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the

nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). "Unsubstantiated assertions of an actual dispute will not suffice." Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. V. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is

the same as the standard for rendering judgment as a matter of law.[1] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

A. Evidentiary Objections

Plaintiffs have objected to the affidavit of Alec Day, included as Exhibit A in defendants' appendix to their motion for summary judgment, on the grounds that the statements therein are primarily statements of hearsay and opinion. Plaintiffs allege that so much of the affidavit must be struck that it will retain no meaning, and therefore it should be struck in its entirety.

In order for a court to consider as evidence an affidavit or declaration, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

---

[1] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969)(en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

5

Plaintiffs object to paragraph 7 as hearsay, and paragraphs 37, 41-43, and 47-49 as not setting out admissible facts.

Paragraph 7 is an allegation by Day that Bullard would not assist in creating the instructional DVDs unless defendants purchased her retail sales. Rule 801 of the Federal Rules of Evidence excludes from the definition of hearsay "an opposing party's statement" where the "statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity . . . ." Fed. R. Ev. 801(d)(2)(A). Therefore this statement is, by definition, not hearsay, and plaintiffs' objection is overruled.

Paragraph 37 alleges that Day and Home Jewelry were unaware of plaintiffs' complaints about the marketing campaign, and that plaintiffs never approached defendants to complain about such. These are statements of fact which Day has personal knowledge, not opinion as plaintiffs allege. Therefore, plaintiffs' objection is overruled.

Paragraphs 41 and 42 again allege that Bullard never contacted Day, and that Bullard instead litigated the issue. Again, these are statements of fact, not of opinion. Therefore plaintiffs' objection is overruled.

Paragraph 43 states that none of the defendants "misused Bullard's name or likeness." Mot., App. at 6, ¶ 43. The

6

paragraph goes on to state that Bullard was involved in the advertisement of the DVDs because she was the talent. The first statement is not a statement of fact but rather is a legal conclusion. Therefore plaintiffs' objection is sustained as to that statement.

Paragraph 47 alleges that all of the statements about Bullard were compliments. This is an expression of opinion, not fact, and therefore plaintiffs' objection as to that paragraph is sustained.

Paragraph 48 states that all of the statements on the landing page of defendants' website were from a pseudonym of Day, not Bullard. That is a statement of fact. Therefore plaintiffs' objection is overruled.

Paragraph 49 states that while some of the statements on the landing page were "exaggerations," the statement: "open the box the DVD and accompanying supply kit come in and complete all the pieces in less time than it would take you to go to a movie" was "not meant as a statement that a reasonably [sic] buyer would rely on, but simply a statement as length of time associated with watching the DVDs." Mot., App. at 7, ¶ 49. Regardless of this statement's relevance to the inquiry, it is a statement of fact as to what was meant when the sentence was written. Therefore, plaintiffs' objection to this paragraph is overruled.

7

Because plaintiffs' objections were only sustained as to one and one-half paragraphs of the 52-paragraph declaration, the declaration remains usable, and thus it is not be struck in its entirety.

B.  Misappropriation of Name and Likeness

Plaintiffs' misappropriation claim is based on defendants' use of Bullard's "name and likeness in certain marketing emails which are worded and structured to falsely represent that she is advertising and endorsing Defendants' goods and that she is making guarantees about the goods being offered on Defendants' website." Compl. at 1. Plaintiffs point to a version of the landing page of defendants' website, which allegedly gives the impression that Bullard is making a guarantee as to the DVDs, as well as an email which had the subject line "New Offer by Patti Bullard." In turn, defendants argue that Bullard consented to defendants' using her name and likeness, which they argue is a defense to a misappropriation claim.

Defendants have failed to meet their burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law as to plaintiffs' misrepresentation claim. Therefore, defendants' motion for partial summary judgment as to plaintiffs' claim for misrepresentation should be denied.

C.  <u>False Advertising Under the Lanham Act</u>

Defendants are challenging plaintiffs' claim for false advertising under section 43(a) of the Lanham Act. To bring such a claim, plaintiffs must prove:

(1) A false or misleading statement of fact about a product;

(2) Such statement either deceived, or had the capacity to deceive a substantial segment of potential consumers;

(3) The deception is material, in that it is likely to influence the consumer's purchasing decision;

(4) The product is in interstate commerce; and

(5) The plaintiff has been or is likely to be injured as a result of the statement at issue.

<u>Pizza Hut, Inc. v. Papa John's Int'l, Inc.</u>, 227 F.3d 489, 495 (5th Cir. 2000). The statement relied on must be a "[s]pecific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." <u>Id.</u> at 496. Defendants stipulated to element four, but asserted that plaintiffs have failed to meet their burden of proving the rest of the elements. Plaintiffs pointed to eight statements they contend are false or misleading statements under the Lanham Act: (1) The landing page stated that defendants begged and pleaded with Bullard for her expertise, (2) "the statement on the original version of the Landing Page that stated Dr. Bullard was in a partnership with Mr. Day or his company," Mot. at 6, (3)

9

"content that implied Dr. Bullard was contending consumers could become expert jewelry makers after viewing the DVDs," Id., (4) the statement that "the best jewelry artist [sic] only use a handful of combination techniques to make hundreds of different designs," Id., (5) the impression that Bullard was making the guarantee on the landing page, (6) the statement on the landing page regarding secret methods, (7) the email with the subject line "New Offer by Patti Bullard," Pls.' Mot. Expedited Disc., App. at 51, and (8) an email with the subject "Your Order is Pending (ACTION REQUIRED)," Mot. at 7. Defendants contend that all of these statements are mere puffery and therefore, not actionable under the Lanham Act.

The motion for summary judgment should be granted as to statements (1), (2), and (8). Statement (1) is mere puffery. Puffery is "advertising that is not deceptive for no one would rely on its exaggerated claims." Pizza Hut, Inc., 227 F.3d at 496. The statement that defendants begged and pleaded with Bullard for her secrets is the type of puffery that is not actionable under § 43(a) of the Lanham Act.

Plaintiffs have provided no evidence as to statement (2), so summary judgment should be granted insofar as plaintiffs have relied on that statement. Plaintiffs state that the landing page originally alleged that Bullard was in a partnership with

10

defendants. However, the copy of the landing page attached to plaintiffs' second amended complaint in exhibit C cannot be read as making such an allegation. Without plaintiffs pointing to a specific statement, a claim under the Lanham Act may not be maintained.

Lastly, summary judgment should be granted as to statement (8), the "Your Order is Pending" email. Such email is nowhere in the record. Bullard's declaration references such an email, but makes no allegation of personal knowledge. Pls.' Resp., App. at 3, ¶ 6. Bullard's conclusory statement is insufficient under Rule 56(c)(4) of the Federal Rules of Civil Procedure. Therefore, there is no evidence as to this claim and summary judgment should be granted insofar as plaintiffs rely on these three statements to support their false advertising claim under § 43(a) of the Lanham Act.

However, defendants have failed to meet their burden as to statements (3) through (7). Therefore, summary judgment is denied to the extent that plaintiffs' Lanham Act claims rely on statements (3) through (7).

D. <u>Attorneys' Fees</u>

It is inappropriate at this time for the court to consider defendants' request for attorneys' fees as defendants have failed to meet their burden in proving their right to such relief.

V.

<u>Order</u>

Therefore,

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted as to plaintiffs' reliance in support of their Lanham Act claims on the statements (1), (2), and (8) discussed above, and that the claims and causes of action brought by plaintiffs against defendants based on those allegations, be, and are hereby, dismissed with prejudice.

The court further ORDERS that the motion for partial summary judgment filed by defendants be, and is hereby, denied as to (a) plaintiffs' claims of misrepresentation and false advertising under the Lanham Act, insofar as the Lanham Act claims rely on statements (3) through (7) discussed herein, and (b) defendants' request for attorneys' fees.

SIGNED November 25, 2014.

JOHN McBRYDE
United States District Judge